## Supreme Lodge Order Mutual Protection v. Augusta Raddatz and John Helwich.

1. INTERPLEADER—*Bill of—Requisites.*—A person who files a bill of interpleader can not be presumed to know all the facts upon which parties are claiming from him the same money; and he is not required to set forth matters which show an apparent title in either; it is sufficient for him to show the danger he is in, his indifference as to each claimant, and his readiness to pay to the one entitled; that he brings the money into court, and asks the parties to settle the ownership of the same among themselves.

**Memorandum.**—Bill of interpleader. Appeal from an order dismissing the bill for want of equity. Rendered by the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1894. Reversed and remanded with directions. Opinion filed December 20, 1894.

### STATEMENT OF THE CASE.

The bill of interpleader of Supreme Lodge Order Mutual Protection, alleges that it is a fraternal and benevolent organization, existing under the laws of the State of Missouri, with headquarters both in the State of Missouri and Illinois, doing business and operating branches in the city of Chicago, for the purpose of giving to its members life insurance, to be paid to such person or persons as are designated in the benefit certificate issued to the member, subject to the by-laws enacted by complainant governing the issue of such benefit certificates; further alleges that one Fritz Raddatz obtained from complainant a certain benefit

certificate in and by which complainant, upon the faith of
the representations contained in the application and medi-
cal examination of said Fritz Raddatz, accepted said Rad-
datz as a member of the Order of Mutual Protection, and
in and by which complainant agreed, provided said Raddatz,
while a member, complied with the charter, constitution
and by-laws of complainant, to pay from the widows and
orphans' protection fund the amount of one assessment, not
to exceed two thousand dollars ($2,000), to Augusta Rad-
datz, wife of said Fritz Raddatz, unless said certificate
should be by him revoked; upon the express provision that
the rights of the beneficiary should be determined by the
constitution and by-laws of complainant, in force at the time
said benefit became payable; said certificate being num-
bered 5487, and being executed and delivered to said Rad-
datz on April 3, 1889; further alleges that the by-laws of
complainant, which were in force at the time of the issu-
ance of the said benefit certificate and from thence hitherto,
provided that any benefit certificate might be revoked upon
the application of the member obtaining it, and upon the
return of the benefit certificate first issued, or upon the fur-
nishing of satisfactory proof of its loss, and another issued
in place thereof; further alleges that said Raddatz, on the
5th day of July, A. D. 1890, stated to complainant, in writ-
ing, that the benefit certificate first described had been lost,
and that said Raddatz desired another benefit certificate is-
sued, payable upon his death to Augusta Raddatz, his wife;
further alleges that, in pursuance to said statement, com-
plainant, believing the benefit certificate first above de-
scribed to have been lost, issued to said Raddatz a duplicate
thereof, payable upon his death to Augusta Raddatz, his
wife, said benefit certificate being executed by the officers
of complainant and delivered to said Raddatz on the 9th
day of July, A. D. 1890; further alleges that said Raddatz
thereafter died, leaving surviving his wife, Augusta Rad-
datz; further alleges, upon information and belief, that the
benefit certificate, first above described, had never been lost
as represented by the said Raddatz, but was in existence at

the time of the issuing of the second benefit certificate in place thereof; further alleges that one John Helwich claims some interest in said sum of two thousand dollars ($2,000) mentioned in the benefit certificate, and claims some interest under the benefit certificate first issued by complainant; that he had already brought suit against complainant to recover said sum of two thousand dollars ($2,000); further alleges that said sum of two thousand dollars ($2,000) is also claimed of complainant by Augusta Raddatz, widow of said Fritz Raddatz, and that Augusta Raddatz and John Helwich are each threatening to institute proceedings at law against complainant; further alleges that complainant has always been ready and willing to pay said sum of two thousand dollars ($2,000) to such person as should be lawfully entitled to receive it, and offers to bring the same into court as the court shall direct; further alleges that it does not collude with either of the defendants touching the matters in controversy, and that it has filed its bill of interpleader with the sole purpose of avoiding litigation.

Prays that defendants may make full and direct answer to said bill, and sets forth to which of them said sum of two thousand dollars ($2,000) is payable; and that they may interplead and settle their said demands between themselves, complainant being willing and agreeing to pay said sum to such of them as, in the judgment of the court, it may belong, and offers to pay said two thousand dollars ($2,000) into court to await the further order thereof; and that the defendant may be restrained by injunction from proceeding against complainant at law.

Walker, Judd & Hawley, attorneys for appellant.

Blum & Blum, attorneys for appellees.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

We regard the controversy in this cause as determined by the case of Livingston v. Bank of Montreal, 50 Ill. App. 566.

It is not necessary that the bill of interpleader should show an apparent title in either of the defendants, claimants, from the vexation and expense of suits by which the complainant seeks relief.

The stakeholder who files the bill can not be presumed to know all the facts upon which various parties are claiming from him the same thing; therefore he is not required to set forth matters and things which show an apparent title in either. It is enough in this regard to show the danger he is in, his indifference as to each claimant, and that he is ready to pay to whomever is entitled; that he brings the money into court and asks that parties who have really no controversy with him but only with each other shall not vex him with costs and expense over a dispute in which he has no interest. Pomeroy's Eq. Juris., Secs. 1318, 1320, and Note 1.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Reversed and remanded with directions.