## John W. Byers, et al., v. Sansom-Thayer Commission Company, et al.

### Gen. No. 11,065.

1. BILL OF INTERPLEADER—*when lies.* The test as to whether a party is entitled to file a bill of interpleader is, do the defendants claim the same thing and will the litigation between the defendants determine the rights of each and all of the defendants as against the complainant, as between themselves and as to the thing which is in dispute.

2. BILL OF INTERPLEADER—*issue in.* No other question than that of the right to the property in dispute can be litigated in a proceeding instituted by a bill of interpleader.

3. BILL OF INTERPLEADER—*what essential to maintain.* In order to maintain a bill of interpleader it must appear that the same debt, duty or thing is severally claimed by the defendants from the complainant by virtue of a title dependent upon or derived from a common source.

4. BILL OF INTERPLEADER—*what need not be averred in.* The complainant in a bill of interpleader is not presumed to know all of the facts upon which the defendants severally claim the matter in issue, and is not, therefore, required to set forth in detail the alleged title of either or of many of them.

5. BILL OF INTERPLEADER—*when satisfies requirements.* The complainant in a bill of interpleader is not called upon to decide disputed questions of fact nor to resolve doubtful points of law, under penalty of a dismissal of his bill; having stated his danger, his indifference as between the several claimants, his willingness to pay, he has done all that he is required to do.

6. BILL OF INTERPLEADER—*essential of affidavit stating no collusion.* Where a bill of interpleader contains an allegation that there is no collusion between the complainant and any of the defendants, and such bill is verified by affidavit, it satisfies the rule which requires that the complainant filing such a bill must accompany it with an affidavit stating that there is no collusion between himself and any of the parties.

7. BILL OF INTERPLEADER—*when, does not lie.* Where it appears that the complainant in a bill of interpleader is under personal obligation to one of the defendants in respect to the duty or thing in contest, so that the litigation under the bill will not determine that obligation, the bill must be dismissed.

8. BILL OF INTERPLEADER—*who may file.* A commission merchant to whom goods have been consigned for sale and who claims no interest in the proceeds after deducting his costs and charges, may file a bill of interpleader, based upon the adverse claims of various parties. (So held by way of *dicta.*)

Bill of interpleader. Appeal from the Circuit Court of Cook County; the Hon. EDMUND BURKE, Judge, presiding. Heard in this court at the

March term, 1903.   Reversed and remanded.   Opinion filed January 14, 1904.

J. M. H. BURGETT, for appellants.

VICTOR M. HARDING, for appellees.

**Statement by the Court.**   Appellants are live stock-commission merchants doing business at the Union Stock Yards in Chicago.   Hardin & Smith shipped cattle to appellants to be by them sold in the usual course of their business. Appellants sold the cattle, realizing the sum of $3,608.39 over customary charges and commissions.   This money was claimed by Hardin & Smith as owners of the cattle, by certain other parties, who are called the "Monmouth claimants," upon the ground that they held valid mortgages upon the cattle at the time they were received by appellants, and also by the Sansom-Thayer Commission Company, and the Northwestern Live Stock Commission Company upon like grounds.   Each of these several claimants has demanded this money from appellants, and has threatened to sue for its recovery.   After these demands were made, appellants filed a bill of interpleader in which all of said claimants are made defendants.   It sets up the claim of each defendant, offers to bring the money into court, and ends with the usual prayer that the defendants answer and interplead, etc.   The bill contains all the formal averments necessary to give the court jurisdiction, if the facts therein recited permit.

To the bill a special demurrer was filed by Hardin & Smith and the Monmouth claimants.   The grounds of the demurrer were as follows:   (1) The bill shows no right in the other defendants to interplead with these defendants. (2) The bill shows no claim or right in either of the other defendants to the cattle or the money in the hands of appellants as proceeds of the sale of the cattle, whereof these defendants should be compelled to interplead with the other defendants.   (3) The bill does not show what is the claim of the other defendants to the money in the hands of appellants.   (4) The bill shows no privity between these

defendants and the other defendants.    (5) The bill shows that the money in question is the proceeds of the sale of cattle received by appellants from Hardin & Smith as their agents.    (6) The bill shows that appellants hold the money in question by virtue of a contract with Hardin & Smith, and owe a duty to them, and are not indifferent stakeholders.

The demurrer was sustained and the bill was dismissed for want of equity.    From such action of the court appellants perfected this appeal.

MR. JUSTICE BALL delivered the opinion of the court.

The only personal action in which the right of interpleader existed at common law is detinue.    This defect, which might subject the defendant to two judgments for the same cause of action by different plaintiffs, was early seen; and the court of chancery, to prevent the iniquity of such a double judgment, suffered the defendant to come into its jurisdiction, and, upon his naming the contending claimants and surrendering or offering to surrender to the court the thing in contest, the court called such parties before it, and, dismissing the petitioner from further attendance except to pay the money or to deliver the thing claimed, compelled the contestants to try their respective titles before it.    The claimants then stood before the court to litigate the questions of right pending between them to the same extent as if the one had brought a bill against the other predicated upon the same matter and for the same purpose.    Willson v. Salmon, 45 N. J. Eq. 131.    No other question than that of the right to the property in dispute can be litigated in such suit.    Sherman v. Partridge, 4 Duer (N. Y.), 646.

At first, this much needed and beneficent remedy was hedged about by strict rules; but, as its equity and usefulness were more clearly recognized, these rules were modified (Supreme, etc., v. Merrick, 163 Mass. 374) until now the test of the right to an interpleader may be stated thus: do the defendants claim the same thing, and will the litigation

between the defendants determine the rights of each and all of the defendants as against the complainant and as between themselves as to the thing which is in dispute? In *Hoggart* v. *Cutts*, 1 Craig & P. 204, Lord Cottenham said :

" The definition of 'interpleader' is not and cannot now be disputed. It is where the plaintiff says, ' I have a fund in my possession, in which I claim no personal interest, and to which you, the defendants, set up conflicting claims; pay me my costs, and I will bring the fund into court, and you shall contest it between yourselves.' "

This definition is cited with approval in *Cogswell* v. *Armstrong*, 77 Ill. 139; *Wakeman* v. *Kingsland*, 46 N. J. Eq. 113; *Anderson* v. *Wilkinson*, 10 Smed. & M. (Miss.), 601, and in *Greene* v. *Mumford*, 4 R. I. 313.

The rule seems to be (although there are many well considered cases in England and in this country to the contrary, (*Wells* v. *Miner*, 25 Fed. R. 538; *Crane* v. *McDonald*, 118 N. Y. 654,) that the same debt, duty or thing must be severally claimed by the defendants from the plaintiff by virtue of a title dependent upon or derived from a common source.

In the case at bar each of the defendants originally claimed the cattle which appellants sold upon the Chicago market. Now they severally assert the right to the money realized from that sale. The herd of cattle is the common source of title. Hence each and all of the defendants claim the same thing from appellants by virtue of the same title. The establishment of the title of one class of these defendants will extinguish that of the other class.

The objections set forth in the first, second and third special grounds of demurrer may be reduced to one, namely: that the claims of the other defendants, as stated in the bill, do not show their right to compel the demurring defendants to interplead with them.

The objection is without merit. Appellants cannot be presumed to know all the facts upon which the several defendants claim this money; and they are therefore not required to set forth in detail the alleged title of any of them. A bill of interpleader proceeds upon the ground that the

Byers v. Sansom-Thayer Commission Co.

complainant, from ignorance of the rights of the several defendants, is unable to ascertain to which of the defendants he is to account. Shaw v. Coster, 8 Paige, 339, 347; Briant v. Reed, 14 N. J. Eq. 271, 277; State Ins. Co. v. Gennett, 2 Tenn. Ch. 82. Appellants were not called upon to decide disputed questions of fact, nor to resolve doubtful points of law, under the penalty of dismissal of their bill. Having stated their danger, in this, that opposing claims are made as to the money, their indifference as between the several defendants, and their willingness to pay the money to the one entitled thereto, they have done all that is required of them. Supreme Lodge v. Roddatz, 57 Ill. App. 119; Morrell v. Manhattan, 183 Ill. 268.

The primary object of such a bill is to protect the stakeholders from a double vexation in respect of one fund, duty or thing. For this liability the law furnishes no adequate remedy; and hence arises the jurisdiction of a court of equity, without which that court would lack the power to do justice. Newhall v. Kastens, 70 Ill. 159; Crane v. McDonald, 118 N. Y. 654.

At the present stage of this case the objection that the appellants are not indifferent as between the defendants is fully met and overcome by the allegation in the sworn bill that they "do not in any respect collude with either of said defendants touching the matters in controversy in this case; nor have they exhibited this bill of interpleader at the request of defendants, or either of them, but of their own free will, and to avoid being molested, vexed and harassed touching the matters contained therein." The defendants demurred to the bill, thereby admitting the truth of this allegation. Further, the chancery practice requires the complainant to file an affidavit with his bill, stating that there is no collusion between him and any of the parties. If the bill containing the same allegation is verified (as is the case here), the rule is complied with. The court gives credit to the affidavit, and will not permit evidence to be adduced to contradict it. 2 Dan. Chy. Pl. & Pr. 1563, and cases cited in note 5.

In Stevenson v. Anderson, 2 Ves. & Beames, Lord Chancellor Eldon said:

"Though I doubt whether there is perfect *bona fides* on the part of the plaintiff, I find it decided that the court is, in the first instance, concluded by his affidavit that there is no collusion, and will not admit an affidavit to the contrary."

The final objection is that as appellants are the agents of Hardin & Smith, they owe a duty to them which cannot be determined in this proceeding.

The doctrine is well settled that if it appears the complainant is under a personal obligation to one of the defendants in respect to the duty or thing in contest, so that the litigation among the defendants under the bill will not determine that obligation, the bill must be dismissed. This doctrine flows naturally and necessarily from the nature of a bill of interpleader.

In Crawshay v. Thornton, 2 Myl. & C. 1, complainants, who were wharfingers, received a quantity of iron from a third person, with orders to deliver it to Thornton; and they wrote the latter that they held it subject to his orders. Thereafter, Daniloff claimed to own the iron, asserting that the person who delivered it to complainants was his agent, without authority to dispose of it. Complainants filed a bill of interpleader making Thornton and Daniloff defendants. Lord Cottenham held, in effect, that what had taken place between complainants and Thornton amounted to an independent contract which could not be decided under the bill.

"If the plaintiffs have come under any personal obligation independently of the question of property, so that either of the defendants may recover against them at law without establishing a right to the property, it is obvious that no litigation between the defendants can ascertain their respective rights as against the plaintiffs."

Hence, the appeal from the decree of the vice-chancellor sustaining a demurrer to the bill was dismissed.

In Mitchell v. N. W. M. & C. Co., 26 Ill. App. 295, the complainant, before he filed his bill of interpleader, had so

answered a garnishee summons that he thereby incurred a legal liability to one of the defendants to which he was bound to respond at all events. Therefore his bill was dismissed.

Appellants are commission merchants, engaged in business at the Union Stock Yards, Chicago. The relation between them and Hardin & Smith, who shipped the cattle, is that of bailor and bailee. No other personal obligation rests upon them except that which grows out of the receipt of and the sale of the cattle.

Lord Cottenham, in Crawshay v. Thornton, *supra*, held that in case of a simple bailment "there is no personal undertaking and no liability or right of action beyond that which arises from the legal consequences of the bailment."

A commission merchant to whom goods have been consigned for sale, and who claims no interest in the proceeds after deducting his costs and charges, may file a bill of interpleader based upon the adverse claims of the receiver of the consignor's property and of an attaching creditor of such consignor. Pope v. Ames, 20 Oregon, 199.

An agent who receives the money of his principal will hold the same in trust, and will be held to account for the same as trustee; but the debt due from a factor or commission man for the proceeds of goods sold for his principal is not a fiduciary debt. Svanoe v. Jurgens, 144 Ill. 514.

This distinction is noted in Cooper v. DeTastel, 1 Taunt. 177, where it is held that where goods were deposited with a warehouseman, not as warehouseman, but as a private agent, he could not maintain a bill of interpleader.

It seems that the mere fact that a contract relation existed between appellants and Hardin & Smith, by the terms of which the former were bound to pay the proceeds of the sale to the latter, does not necessarily deprive appellants of the right to file a bill of interpleader. Bechtel v. Shaefer, 117 Penn. St. 555.

In many of the text books, and also in some of the cases, it is stated that the bailee cannot file a bill of interpleader against the bailor and a third person claiming title; yet in

every case to which we have been referred, or which we have found, wherein that statement is made, it is either *dictum*, or the facts show a personal obligation upon the part of the complainant to one or more of the defendants outside of that which arises solely from the legal consequences of the bailment.

In Platte Valley Bank v. Nat'l Bk., 155 Ill. 250, Halsey deposited with the National Live Stock Bank the sum of $5,963.18, to be credited to the Platte Valley Bank, and to be paid to the latter bank upon a draft to be drawn by it. The former bank notified the latter bank of the deposit. Before the Platte Valley Bank had drawn this money an Omaha bank notified the National Live Stock Bank that it claimed the fund as the proceeds of certain cattle owned by Halsey, by him mortgaged to the Omaha bank, and then by him wrongfully converted without its knowledge or consent, and that the Platte Valley Bank had notice of such wrongful conversion. It was held that a bill of interpleader filed by the National Live Stock Bank, making the contesting banks and Halsey defendants, could be maintained. The facts in that case are quite similar to those in the one at bar. But it is not necessary to a decision of this case that we should hold that a commission merchant who has taken upon himself no other obligation than that which arises from the receipt of the goods consigned to him, may file a bill of interpleader when the title to such goods or the title to their proceeds is claimed by a third party.

This question of the right, or rather the seeming lack of the right of the bailee to file a bill of interpleader against his bailor, is probably the ground upon which the learned chancellor based his decree sustaining the demurrer to the bill. In this court that position is apparently abandoned by the demurring appellees; for they say in their brief that " E. C. Hardin and H. B. Smith make no claim to the fund in appellants' hands except on behalf of the said Monmouth claimants, and the controversy therefore lies between the Monmouth claimants on the one hand and the other defendants to the bill." Since the bailors demand nothing from

appellants as their bailees, the contest between the mortgagees concerning the ownership of the money in the hands of appellants is a proper subject for a bill of interpleader.

The decree of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*