National Rose Company, Appellee, v. Mundet Cork Corporation, Appellee, and Bromfield Finance Company, Appellant.

**Gen. No. 9,016.**

Heard in this court at the January term, 1937.     Opinion filed April 16, 1937. Rehearing denied October 5, 1937.

SPRINGSTUN & SPRINGSTUN, of Edwardsville, for appellant; C. P. HANLON, of Boston, Mass., of counsel.

CARL H. PREIHS, of Pana, for appellee National Rose Co.; JOHN W. PREIHS, of Pana and JOE P. LONGWELL, of counsel.

WARNOCK, WILLIAMSON & BURROUGHS, of Edwardsville, for appellee Mundet Cork Corp.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

The complaint in this cause, in the nature of a bill of interpleader, was filed in the circuit court of Christian county on April 9, 1935. The amended complaint of the appellee, National Rose Company, filed on

November 9, 1935, alleged in substance that it was an Illinois corporation with its principal place of business in the city of Pana, Illinois; that Claude F. Bollman, while receiver for Maton Bros. Inc., entered into a contract with the firm of R. H. Tait & Sons, Inc., for the installation of an ice box and refrigeration equipment to be installed in certain property at Pana, Illinois; that the ice box and refrigeration equipment was duly installed all in accordance with a written contract; that after such installation the said receiver sold and transferred all his right, title and interest in said ice box and equipment to the appellee, National Rose Co.; that afterwards appellant, the Bromfield Finance Company, a Massachusetts corporation, represented to the said appellee that it was the assignor of said contract and was entitled to the unpaid payments due thereunder and that as a result of such representations the said appellee, relying upon the same, entered into a new contract or agreement with the appellant whereby the payments, due under the original contract, were reduced and the time and manner of payment changed and modified; that afterwards the said appellee made certain payments upon said new contract to the appellant; that later and after several of said payments had been so made to the appellant, Bromfield Finance Co., the appellee, Mundet Cork Corporation, represented and claimed to the appellee, National Rose Co., that it was the assignee of the original contract entered into by the said receiver for the installation of said ice box and refrigeration equipment and that as the holder of said contract it was entitled to the unpaid payments due thereunder and threatened to institute suit against the National Rose Company for the recovery of the amount due under the said original contract; that the said appellee was unable to determine to whom the unpaid balance, if any, under the original contract with said receiver, or the said modified contract, should be

paid, and that demand for payment had been made upon it by both the appellant Bromfield Finance Company and the appellee, Mundet Cork Corporation, both of whom were defendants to the original complaint; that the appellee, National Rose Company, had not paid certain payments now due under said modified contract amounting to $490, but that it was ready and willing to pay same and offered to bring said amount into court to be deposited with the clerk, etc.; that a suit had been filed against the said appellee, National Rose Co., by the appellant and was then pending before a justice of the peace at Pana, Illinois, and that the Mundet Cork Corporation had likewise threatened to institute suit against said appellee for said amount and also threatened to remove said ice box and equipment from the premises wherein it was installed; that the said Mundet Cork Corporation claims to be the owner of said contract for the installation of said ice box and equipment and entitled to all the benefits thereunder and further claims that the Bromfield Finance Company was never at any time the owner of said contract; that the suit was not brought in collusion with either of the parties made defendant to the original complaint, but for the sole purpose of being relieved from vexatious litigation concerning said matters.

The complaint prayed that the court determine which of said claimants were entitled to the contract in question, the money due thereunder, and the amount thereof, and that the rights of all parties be fixed and adjudicated, also that the two defendants to the complaint and the justice of the peace be enjoined from prosecuting the pending suit and any future suits. The original contract between the receiver and Tait and Sons for the installation of the ice box and equipment was attached to both the original and amended complaints.

On April 13, 1935, both the defendants to the complaint, being nonresident corporations, entered their

appearance in writing and submitted themselves to the jurisdiction of the court. On the same day, the court issued a temporary injunction restraining the appellant, Bromfield Finance Co., and the justice of the peace from further prosecuting the pending suit, and restraining the Mundet Cork Corporation from prosecuting any suit against the National Rose Co., based on said contract.

On April 22, 1935, the Bromfield Finance Co. filed its motion to dissolve said injunction. On April 25, 1935, it filed an answer to the original complaint. The Mundet Cork Corporation filed an answer to the original and amended complaints and also a counterclaim asking for additional relief against the appellee, National Rose Co., and the appellant. On July 23, 1935, the appellant filed a motion to strike from the files the answer and counterclaim of the appellee Mundet Cork Corporation. On November 18, 1935, appellant's motions to dissolve the injunction, dismiss the complaint and to dismiss the answer and counterclaim were extended to the amended complaint and the amended answer and counterclaim. On October 24, 1935, the injunction was dissolved as to the justice of the peace but not as to the defendants to the complaint. On May 5, 1936, the court denied appellant's motion to dissolve the injunction, denied its motion to dismiss said cause and also denied its motion to strike the answer and counterclaim of the appellee Mundet Cork Corporation from the files. It is from this order that appellant prosecutes this appeal. The questions presented by the appeal arise solely from the pleadings. No testimony was heard in the trial court.

In passing upon the questions raised by the appellant it is necessary first to determine whether or not the amended complaint stated sufficient facts which would support the order of the court entered on May 5, 1936. Our courts have many times stated that the equitable

remedy of an interpleader depends upon and requires the existence of four essential elements: First, the same thing, debt or duty, must be claimed by all the parties against whom relief is demanded. Second, all the adverse titles or claims must be dependent on, or be derived from a common source. Third, the person asking the relief must not have nor claim any interest in the subject matter, and fourth, he must have incurred no independent liability to either of the claimants and stand perfectly indifferent as in the position of a stakeholder. *Morrill v. Manhattan Life Ins. Co.*, 183 Ill. 260; *Heinrich v. Harrigan,* 179 Ill. App. 199. It is not necessary that the complaint set out the detailed facts upon which the title of the claimants is based but may only state in a general way the nature of such claims. *Supreme Lodge v. Raddatz,* 57 Ill. App. 119. It seems to us that the complaint filed in this cause complies with the requirements of such decisions. It showed on its face that the two defendants, the Mundet Cork Corporation, and the Bromfield Finance Company, each claimed the benefits or money due under a conditional sales contract for the installation of an ice box. It also alleged that the appellant had brought suit against the appellee, National Rose Company, for payments due arising out of said contract and that the other defendant to the complaint was threatening to bring suit against it for the same money. Under these circumstances and with these allegations contained in the complaint it was perfectly proper for the court to deny appellant's motion to dissolve the injunction, and dismiss the complaint.

The appellant argues that the motion to dismiss the answer and counterclaim of the Mundet Cork Corporation should have been granted because of the failure of the appellee, Mundet Cork Corporation, to comply with the requirements of section 22 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 150; Jones Ill.

Stats. Ann. 104.022, in that it did not state that the said appellee was the actual bona fide owner of said claim and did not set forth how and when it acquired title thereto. Disregarding the point raised by the Mundet Cork Corporation that this ground was not urged in the lower court, it appears from the counterclaim that the contract in question was assigned to the said appellee, and the time and method of such assignment are specifically set forth in the counterclaim. Copies of the assignments giving the dates were attached to the counterclaim and it stated specifically that the said appellee was entitled to the rent or money due under said contract and the amount and date of each payment was definitely set forth. This was a substantial compliance with the statute. Section 4 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 132; Jones Ill. Stats. Ann. 104.004, provides that the act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to said act or to the rules of court made pursuant thereto. *Aetna Ins. Co. v. Illinois Cent. R. Co.*, 283 Ill. App. 527.

Some portions of the court's order under date of May 5, 1936, were interlocutory in their nature and it is doubtful whether such order was a final order of the court, but the errors relied upon by the appellant are technical in their nature and without substantial merit. We believe the appellee, National Rose Company, had the right to submit the facts set forth in its amended complaint to the court and to ask the court to determine who was entitled to the funds in question and to litigate any other rights between the parties.

It is therefore our opinion that the order of the trial court entered on May 5, 1936, denying the appellant's motion to dissolve the injunction as to the defendants

named in the amended complaint, denying the motion to dismiss the cause and to strike the answer and counterclaim of the appellee, Mundet Cork Corporation, was correct. For the reasons given the order of the circuit court is hereby affirmed.

*Affirmed.*