ASAHEL GAGE

*v.*

MAHALA SCALES *et al.*

*Filed at Ottawa September 26, 1881.*

1. APPEAL—*whether a freehold is involved.* A bill to set aside a deed for land made on a sale for taxes, by one claiming title on the ground of a redemption from such sale, in which suit the redemption is denied, involves a freehold, and an appeal lies from the Appellate Court.

2. REDEMPTION—*from tax sale—mistake of county clerk as to amount.* Where the owner of real estate sold for taxes applied to the county clerk to redeem the same, and paid the sum required of him by the clerk, and took a certificate of redemption, but the clerk, by mistake, failed to require the payment of taxes subsequent to the sale: *Held,* that a court of equity had

the power to relieve the owner against the mistake of the clerk, and protect the title of the owner, upon his paying the amount of the subsequent taxes.

3. The county clerk is the proper person to receive the redemption money, and it is his duty to inform the owner seeking to redeem, of the correct amount to be paid for that purpose.

4. Although redemption from a tax sale is a statutory right, yet a party attempting, in good faith, to make it, may be relieved against the mistakes or frauds of the officers of the law, or of the purchaser. If he has attempted to redeem, and has done all he was required to do by those entitled to receive the money, in such case the sale will be discharged, even though in consequence of the mistake of the officer he has paid less than the proper amount, if he will pay the deficiency.

5. SAME—*subsequent taxes, how found.* On application to redeem land from a tax sale while the tax books are in the hands of the collector, the county clerk can require the party to present a receipt showing the payment of subsequent taxes, or ·if they have been paid by the person holding the certificate, a statement from the collector showing the amount paid, by whom and when; and in this manner the proper amount necessary to redeem may be ascertained.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. AUGUSTUS N. GAGE, and Mr. MARTIN R. M. WALLACE, for the appellant:

Redemption is purely a statutory right, and to be effective the statute giving that right, which is a grant of privilege, must be strictly followed. Burroughs on Taxation, pp. 358, 361; Cooley on Taxation, p. 364; Rorer on Judicial Sales, (2d ed.) pp. 422, 433; *Finch* v. *Brown*, 3 Gilm. 488; *Stone* v. *Gardner*, 20 Ill. 304; *Little* v. *People*, 43 id. 188; *Finch* v. *Eslaman*, 68 id. 78; *Durley* v. *Davis*, 69 id. 133.

It was claimed by appellees' counsel in the court below that this redemption was insufficient, because of a mistake or of the corruption of the county clerk in not giving appellees the total amount necessary for a redemption. "But where one claims to have discharged lands from a tax sale by the payment of all taxes demanded of him, which was less than

the whole, it must appear that no responsibility for the error rests upon him." Cooley on Taxation, p. 367; *Lamb* v. *Irwin,* 69 Pa. St. 436.

If the issue can be made under these pleadings whether a mistake was made by the appellees or by the clerk, still the appellees must show, by clear and satisfactory proof, that a mistake existed. *Ruffner* v. *McConnel,* 17 Ill. 212, and cases cited.

Appellees were sufficiently advised to put them upon inquiry as to whether they were depositing the proper amount, and if they neglected to make the necessary inquiries, the loss must fall upon them. *Henneberry* v. *Morse,* 56 Ill. 394.

If this was a bill filed for the purpose of making a redemption, or for the purpose of perfecting a redemption, another question would be raised; but the issue being upon the question of fact whether there was a redemption, and it being established that there was not, it seems to us that upon all principles of law and practice this should end the case. The bill does not allege that the redemption was prevented by mistake or fraud, but, on the contrary, it is expressly stated that the redemption was complete. *Shafer* v. *Davis,* 13 Ill. 395.

Have appellees shown such a title to this property that will warrant them in bringing this suit? If they have not the title to this property, the decree is erroneous. Daniell's Ch. Pl. and Pr. vol. 1, ch. 6, sec. 4, pp. 314–317; sec. 49, ch. 22, Rev. Stat.; *Harding* v. *Jones,* 86 Ill. 313; *Emery* v. *Cochrane,* 82 id. 65; *Wing* v. *Sherrer,* 77 id. 200.

Mr. FRANK SCALES, for the appellees:

The redemption was not invalidated by the mistake of the county clerk as to the amount necessary to be paid. *Babb et al.* v. *Tomkins,* 47 Pa. St. 359; *Dietrich & Wilson* v. *Mason,* 57 id. 40; *Noble et al.* v. *Bullis,* 23 Iowa, 559; Cooley on Taxation, 363.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by appellees against Asahel Gage, to set aside a tax deed issued to appellant by the county clerk of Cook county in the month of July, 1878, on a certain tract of land in Cook county.

It is in substance alleged in the bill, that appellees are the owners in fee of the premises, and are in the actual possession of the same; that the premises were sold October 14, 1875, for the third installment of the South Park special assessment, to N. Lamb, for $111.17; that a deed was issued to appellant, Gage, on such sale, July 30, 1878; that said premises had been redeemed from the sale before the issuing of said deed. The bill contains other allegations, but as no evidence was offered to sustain them, it will not be necessary to set them out here.

Appellant, Gage, put in an answer to the bill, in which he set up, substantially, that at the June term, 1875, of the county court of Cook county, a judgment was rendered against the land for the delinquent third installment of the South Park special assessment, and by virtue of said judgment the land was sold on the 14th day of October, 1875, to N. Lamb, and a certificate issued to him, which he afterwards assigned to appellant, who obtained a tax deed on the 30th day of July, 1878; that the deed conveyed an estate in fee to the property. Appellant admits that the statute provides for a redemption from a tax sale within a specified time, but denies that the premises were redeemed.

A motion has been made to dismiss the appeal, which, under the statute, will have to be sustained unless a freehold is involved, and that question we will dispose of before we pass to a consideration of the case on its merits.

A freehold has been defined to be an estate in real property, of inheritance, or for life, or the term by which it is held. Here, both parties claim the fee simple title to the property. Appellant claims under a tax title, which appellees

insist is worthless, for the reason the land was redeemed from the sale for taxes before the deed was issued. If a redemption was made, that defeats appellant's title. If, on the other hand, no redemption was effected, then the title to the property passed under the deed. It seems plain that within the meaning of the statute a freehold is involved. Both by the pleadings and the evidence, each of the parties admits and claims an estate of inheritance in the property, which necessarily involves a freehold. The motion to dismiss the appeal will have to be overruled.

As respects the merits of the case, no question is raised in regard to the tax title held by appellant by the testimony introduced on the hearing, except that the land was redeemed from the sale within the time provided by law, before the deed issued.

It appears from the evidence that appellees, within the time provided by law, undertook to redeem the premises from the tax sale, but in making the redemption the county clerk failed to include in the amount necessary to redeem $125.02, subsequent taxes paid by appellant. On account of the failure to pay the full amount, it is contended by appellant that the attempted redemption availed nothing, and appellees can claim no benefit therefrom, while, on the other hand, appellees claim, that having paid the full amount which the county clerk notified them was necessary to redeem the land, and having received a certificate of redemption from the clerk, they are entitled to relief in a court of equity.

The master in chancery, to whom the cause was referred to take evidence, made a report to the court, that the title to the property was in appellees; that on the 9th day of October, 1877, appellee Frank Scales went to the county clerk's office to redeem the property from said sale, and paid $355.51, being the amount the clerk said was necessary for that purpose, but by mistake the clerk omitted to include the sum of $125.02, the subsequent taxes paid by said Lamb or appel-

lant, "so that Scales thus failed to pay the whole amount necessary for such redemption, the amount actually paid being $126.51 less than the amount which was necessary; that afterwards, on the 30th day of July, A. D. 1878, the county clerk issued a tax deed to Asahel Gage for the premises, upon the ground that not enough money to redeem the same from said tax sale had been deposited with him." In the master's opinion, appellee Frank Scales made an honest effort to pay all the money required to redeem, and did pay all that was given him as the required amount, and the failure to deposit the right amount was the result of accident, and not the fault of appellees; therefore recommends that the tax deed be set aside as a cloud upon the title to the property, upon appellees paying appellant $126.51, and interest thereon at six per cent per annum, from August 16, 1877, which at date of report amounts to $139.52. Dated April 30, 1879.

Section 210 of chap. 120, Rev. Stat. 1874, under which the redemption was made, declares: "Real property sold under the provisions of this act may be redeemed at any time before the expiration of two years from the date of sale, by payment in legal money of the United States, to the county clerk of the proper county, the amount for which the same was sold, and twenty-five per cent thereon if redeemed at any time before the expiration of six months from the day of sale; if between six and twelve months, fifty per cent; if between twelve and eighteen months, seventy-five per cent; and if between eighteen months and two years, one hundred per cent on the amount for which the same was sold."

The person redeeming shall also pay the amount of all taxes and special assessments accruing after such sale, with ten per cent interest thereon from the day of payment, unless such subsequent tax or special assessment has been paid by or on behalf of the person for whose benefit the redemption is made, and not by the purchaser at the tax sale, or his assignee.

It is true that appellees, on making the redemption, did not comply strictly with the requirement of the statute, as they failed to pay to the clerk a subsequent tax which had been paid by appellant while he held the tax certificate. But the report of the master, which is fully sustained by the evidence in the record, shows that appellees called upon the county clerk, whose duty it was to inform them of the amount necessary to be paid to make the redemption, and whose duty it was to receive the money, and that the full amount which this officer required was paid, and upon the receipt of the money he issued a certificate of redemption, which was delivered to appellees. Here was a mistake of an officer for which appellees were in no manner responsible. For this mistake shall they lose their land, or is it within the power of a court of equity to relieve as against that mistake, and thus protect appellees in the title to their land?

Cooley, in his work on Taxation, in discussing this subject, says: "Although redemption is a statutory right, yet a party attempting in good faith to make it, may be relieved against the mistakes or frauds of the officer or of the purchaser. If he has attempted to redeem, and done all he was required to do by those entitled to receive the money, the sale is discharged, even though in consequence of the mistake of the officer he has paid less than the proper amount."

Here it is apparent the redemption was made in perfectly good faith. The money was paid to the proper officer, and the amount required by him, in the full belief that the sum paid was all that was necessary to redeem the land from the sale. We think the attempted redemption was sufficient to authorize a court of equity to grant relief against the mistake of the clerk. Under section 210 of the Revenue law, the county clerk is the officer whose duty it is to receive from the owner of real estate sold for taxes the redemption money. It is no part of his duty to receive such a sum as the owner may see fit to pay, but, on the other hand, it is his duty to furnish

the owner with a statement of the amount required to make the redemption, and he is under no obligation to accept a less amount than the law requires to effect a redemption.

It is urged that it can not be the duty of the clerk to furnish a statement of the amount required to redeem, because the tax books which show subsequent taxes are out of the county clerk's possession, and in the possession of the township and county collector from December until May, in each year. While the tax books are in the hands of collectors, should a party apply to the county clerk to make a redemption, the clerk can require such person to present a receipt showing the payment of subsequent taxes, or if they have been paid by the party holding the certificate, a statement from the collector showing the amount paid, by whom, and when. In this manner all difficulty may be removed, and the amount required can easily be determined and furnished by the clerk. The bill in this case, it is true, was not framed directly with the view that appellees might obtain the relief sought by paying the balance of the redemption money, yet the offer in the bill to pay any amount the court may find necessary to complete the redemption, may be regarded as broad enough to authorize the relief granted in the decree.

The decree of the Appellate Court will be affirmed.

*Decree affirmed.*