The Baltimore and Ohio Railroad Company

*v.*

Frank J. Gaulter *et al.*

*Filed at Ottawa November 9, 1896—Rehearing denied March 6, 1897.*

1. APPEALS AND ERRORS—*record in original cause need not be transcribed on appealing a new question.* Where, after a final determination of a cause by the Supreme Court, the parties, by motion, raise a new question wholly separable from any other question in the case and not dependent thereon, the transcript, on appeal, need not include the record and proceedings of the original cause.

2. SAME—*opinion of Appellate Court is not considered to discredit its judgment.* Where it does not appear from the judgment of the Appellate Court that a cause was not considered in that court upon its merits, what is said in its opinion cannot be considered in contradiction of its judgment.

3. CLERKS OF COURT—*clerk receiving money under a decree takes it in his official capacity.* Money paid into court under a decree is a fund of the court and under its control, and the clerk, on receiving the same, takes it in his capacity as clerk and not as the depositary of the parties, although the decree does not designate him to receive the money.

4. SAME—*court has jurisdiction to compel clerk to account for court funds*. Where a clerk withholds any part of a court fund to which he is not entitled, the court may, on motion of the parties entitled thereto, require him to account therefor, even though his term of office has expired.

5. SAME—*clerk must obey orders of court concerning court funds*. A clerk who disobeys an order of the court requiring him to deposit a fund in a designated bank at a certain rate of interest, must account for the loss of interest occasioned by his disobedience.

6. SAME—*clerk wrongfully retaining fund in his custody is not entitled to compensation as custodian*. A clerk who, in disobedience of an order of the court, wrongfully retains a fund in his custody is not entitled to the interest accruing thereon as compensation for his services as custodian.

7. SAME—*notice to deputy is chargeable to clerk*. A clerk of court is chargeable with the knowledge of the orders and decrees of the court concerning himself which comes to his deputies while acting in the scope of their employment, and the number of deputies employed does not affect the rule.

8. SAME—*new clerk is liable for interest received on fund turned over by former clerk*. A clerk receiving a fund from his predecessor which had been wrongfully retained in such predecessor's custody, while not chargeable with notice of the former clerk's disobedience, must account for interest on the fund which he actually receives after taking it into his custody.

*B. & O. R. R. Co.* v. *Gaulter*, 60 Ill. App. 647, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

FLOWER, SMITH & MUSGRAVE, for appellant.

MORAN, KRAUS & MAYER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Pullman Palace Car Company filed its bill of interpleader in the circuit court of Cook county, against the Ohio and Western Coal and Iron Company, the Baltimore and Ohio Railroad Company, and others, and an interlocutory decree was entered providing that upon

said complainant paying into court $31,683.63, an injunction should issue as prayed and the complainant should be discharged. The money was paid November 6, 1889, to the appellee Henry Best, then clerk of the court. Complainant having been discharged from the suit, it proceeded between the parties claiming the fund, and was brought to this court by appeal and reported as *Warren* v. *First Nat. Bank*, 149 Ill. 9. Upon the cause being remanded a decree of distribution was entered July 23, 1894, under which appellant was entitled to the surplus of the fund after other specified payments should be made. The appellee Frank J. Gaulter became clerk of the court December 5, 1892, and received the principal sum then on hand, from Best. Appellant filed its motion in the suit to require said clerks, Best and Gaulter, to account for and pay over to it the interest provided for in an order entered of record in the cause June 25, 1891, during such time as the fund was in their hands, respectively. The amended motion asked that they be required to so account and pay over, or that each should account for such interest as he had actually received on said fund, as clerk, while the same was in his possession. The circuit court denied the motion, and its action was sustained, on appeal, by the Appellate Court.

It is first claimed by appellees that the case is not before this court on its merits, for want of a complete transcript of the record and proceedings in the original cause, and it is said that the Appellate Court held the transcript insufficient for a consideration of its merits. It does not appear from the judgment of the Appellate Court that the cause was not considered in that court, and what is said in the opinion cannot be considered in contradiction of its judgment. The transcript contains a complete record of the motion and all proceedings had thereon, together with a certificate of evidence which purports to contain all the evidence offered or heard upon either side in this proceeding against appellees,

and it is certified by the clerk "to be a true, perfect and complete transcript of the record." Although this proceeding was instituted under the same general title as the original cause in the circuit court, it commenced with the motion and brought up a new question in which only the parties to this appeal were concerned, and which was wholly separable from any other question in the case. The other questions were reviewed in *Warren* v. *First Nat. Bank, supra,* and the motion raised no issue as to matters litigated between the contending parties in the original suit. It would be neither necessary nor proper to add to the transcript of the proceedings, on this motion, the evidence or record in the original suit not related in any way to it nor offered on the hearing. There is no insufficiency in the transcript.

The facts appearing on the hearing of the motion were as follows: The fund, when received by Best, was deposited in the Illinois Trust and Savings Bank. Some payments were made out of it under orders of the court, and on June 25, 1891, the amount in the hands of the clerk was $30,138.23. On that day the parties to the cause presented to the court their stipulation that said money so deposited with the clerk of the court should be deposited by him in the Northern Trust Company, or any other trust company or bank which might be determined upon by the court, provided such investment should bear interest at the rate of not less than two and one-half per cent per annum, and be payable on demand or within five days. In pursuance of this stipulation the following order was entered on the same day: "And now this day come all the parties to the above entitled cause, and present to the court a stipulation agreeing to the investment of the money heretofore paid into court and now in the hands of this court, and suggesting to the court the Illinois Trust and Savings Bank as a reliable company, and the court being advised of the terms on which said trust company will pay interest on deposits, it is therefore

ordered that the clerk of this court pay to the said Illinois Trust and Savings Bank the funds now in his hands and take a certificate of deposit therefor, which will bear interest at a rate not less than two and one-half per cent per annum, and be payable five days after demand." The money was then in said Illinois Trust and Savings Bank, which paid interest to the clerk monthly on the same, at the rate of two per cent per annum. The order was not obeyed. The money remained in the bank to the credit of the clerk. On November 11, 1891, there was paid out under an order of the court, to the master in chancery, $1500. The remainder of the principal of the fund which was paid over by Best December 5, 1892, to the appellee Gaulter, as his successor, was $28,638.23, and this sum Gaulter retained until the final decree of distribution on July 23, 1894. The bank paid to him, as it had previously paid to Best, interest on the money monthly, at two per cent per annum.

The appellees, by their answers, questioned the jurisdiction of the court over them, denied that they had any knowledge or notice of the order, alleged that each was entitled to two and one-half per cent per annum as a reasonable compensation for services as custodian of the fund, and asserted that the bank would not have accepted the money on the conditions specified in the order. There was no evidence under the claim of compensation for services as custodian, so that the claim must be regarded as abandoned.

It is argued that the court had no jurisdiction of appellees, because the money was not received by Best as clerk. The interlocutory decree did not designate the clerk as depositary nor order him to receive the money, and the argument is that he was therefore a mere depositary of the parties. That decree provided for the payment of the money into court, and it was paid by complainant and received by the clerk as a fund of the court under that decree. The court, by the order of June

25, 1891, further treated it as a fund paid into the court, and then in the hands of the clerk of the court as such. The fact that the clerk was not mentioned in the decree is immaterial. The money became a fund of the court and under its control. By its order the court designated a new depositary, but the money did not cease to be a fund of the court at its disposal by the neglect of the clerk to obey the order and the retention of the money, or its subsequent transfer to appellee Gaulter. Such a result could not be accomplished by disobedience. The court had jurisdiction over appellees, or either of them, or any person into whose hands the fund might come, so long as any part of it remained unaccounted for; and the fact that Best had ceased to be clerk of the court could make no difference, if he still retained any part of the fund which he was bound to pay over. (*In re Western Marine and Fire Ins. Co.* 38 Ill. 289.) We think the court had jurisdiction to determine the question presented by the motion.

Nor was there any error in proceeding against both the appellees at the same time by the same motion. Best had the fund and had turned over the principal of it to Gaulter, and there was no impropriety in determining at the same time how much, if anything, either of them was bound to account for. Both had been dealing with the same fund of the court, and the motion was designed to fix the liability of each with respect to it.

The defense made by Best on the merits was, that he had no personal notice of the order to deposit the money. It is not denied that if he had such notice he would be bound to obey the order, and would be liable in some form of action for the consequences of a failure to do so. The order was entered by a minute clerk named Shilling, in that branch of the court in which the order was made. The general rule that a clerk is bound by notice to his deputy does not appear to be disputed, as applied to cases where a clerk has only one or a few deputies; but

the ground for exemption claimed here is that Shilling was one of a great many deputies. One of the solicitors in the case testified that he notified the chief deputy, Bradley, of the application for the order; but this was denied by Bradley, and we cannot see that the rule of law would be affected by the question which of these witnesses was right. If notice to a deputy is the legal equivalent of notice to the clerk, the rule of law would not become inoperative in case there were several such deputies. The deputy, Shilling, exercised the office in the right of Best. He had no interest in the office, and was only the shadow of the officer in whose name he acted. The information that this order was made and entered came to the deputy in the discharge of his duties within the scope of his employment. Best testified that he had no actual knowledge of the order, but he was responsible for the acts of his deputy, and must be held to have had notice of his acts and of information which came to him in the discharge of his duties.

It is urged that the remedy applied for is improper, because contempt proceedings do not lie where there is constructive notice only. But the question whether contempt proceedings would lie to enforce any order that might be made is not involved. This is not a proceeding for contempt of the authority of the court. Nothing is sought except a determination of the rights of the parties in respect to a fund at the disposal of the court, and an order to pay over the interest. How such an order could be enforced is not in question.

It is also contended that if the fund was received by appellees as clerks, by virtue of their office, then they were guarantors of its safety and entitled to the interest. The rule, if it exists as contended for, cannot apply because the order designated another depositary, and if complied with the clerk would not have remained liable, as guarantor or otherwise. It is plain that if Best had taken the certificate of deposit he would not have been

liable for the safe keeping of the fund which the parties had stipulated and the court had ordered should be removed from his custody and deposited for such safe keeping elsewhere. He remained custodian by his own wrong, and should not be permitted to gain a benefit by disobedience.

It is said that the order could not be carried out for the reason that the bank would not issue such a certificate. It was proved that the Northern Trust Company, which was specifically named in the stipulation, agreed with one of the solicitors that it would issue such a certificate. It was paying interest at two and one-half per cent at that time on deposits of the character required by the order. It was named in the order as drawn by the solicitors, and was admitted by appellees on the hearing of this motion to be a perfectly sound and solvent institution and a similar organization to the Illinois Trust and Savings Bank. The chancellor struck out the Northern Trust Company from the order as prepared and substituted the Illinois Trust and Savings Bank. The cashier of the latter bank testified that his bank was not at that time issuing five-day certificates, but commenced subsequently to do so, and he could not answer whether, if the clerk had applied for such a certificate as named in the order, he could have obtained it. The chancellor who made the change stated that he knew, of his own personal knowledge, that both of said banks were ready to issue such a certificate of deposit as was called for in the order, and he requested that his statement should go into the record. Counsel for appellees consented, and the statement was put into the record accordingly. The evidence does not show that the Illinois Trust and Savings Bank would not have issued the certificate. It was the duty of the clerk to obey the order, and if a certificate could not be obtained of the character specified from the bank named, to report that fact to the court. The stipulation named the Northern Trust Company,

which would have issued the certificate, and if the other bank would not have done so it is to be presumed that the stipulation would have been followed and the order changed.    But, as before stated, the evidence does not show that the order as made could not have been complied with.    Best received two per cent upon the money, but by his wrongful disregard of the order one-half of one per cent was lost.    We think he should be required to account for the two and one-half per cent that he would have received if he had obeyed the order, and that appellant should not suffer for his disregard of it.

As to the appellee Gaulter, it appears that he received the money from his predecessor, Best, without any knowledge or information of the order.    It had been entered long before, and he undoubtedly had the right to presume that his predecessor had complied with all orders of the court.    It would scarcely be incumbent upon him to search the records to ascertain what orders had been previously entered.    Still, the fund was in his hands in violation of the order of the court.    The parties had agreed, and the court had ordered, that it should be deposited elsewhere.    The Illinois Trust and Savings Bank had been designated as depositary, and if the order had been obeyed the fund would have produced interest. While it was in his hands it did actually produce interest at two per cent, and whatever his right to retain interest in other cases might be, we think that he could not be permitted to retain the interest so actually received to the injury of appellant.    He should be required to account for interest received by him.

The order of the circuit court and the judgment of the Appellate Court are reversed, and the cause will be remanded to the circuit court with directions to enter an order in conformity with the views herein expressed.

*Reversed and remanded.*