## Oscar Heinrich, County Clerk, Appellant, v. Christopher Harrigan et al., Appellees.

### Gen. No. 5,702.

1. INTERPLEADER—*rule as to right of filing bill.* The right to file a bill of interpleader depends upon the existence of the following conditions: (1) the same thing, debt, or duty, must be claimed by all the parties against whom relief is demanded; (2) all the adverse titles or claims must be dependent on, or be derived from, a common source; (3) the person asking the relief must not have nor claim any interest in the subject-matter; (4) he must have incurred no independent liability to either of the claimants and stand perfectly indifferent, in the position merely of a stakeholder.

2. INTERPLEADER—*when bill lies as to tax sale redemption fund.* A fund, held by a county clerk for the redemption of certificates of purchase at a tax sale, was claimed by the holder of the certificates in a suit and also by the county in a notice of claim to an equitable lien on such fund for delinquent taxes, of which the original purchaser of the certificates had deprived the county by fraudulently assigning the certificate in blank for the purpose of preventing the collection of such taxes, levied against him, the present holder of the certificate being a party to the fraud. *Held,* that a bill of interpleader by the clerk against the holder of the certificates and the county, alleging such facts, and praying that defendants be required to litigate between themselves their rights to the fund was not demurrable.

3. INTERPLEADER—*when lies.* A bill of interpleader is not demurrable because one claim is enforceable at law and the other in equity.

4. INTERPLEADER—*when only one claimant has sued.* A bill of interpleader is not demurrable because only one of the claimants to a fund has brought suit, nor because the bill does not show that he would or would not be successful.

5. INTERPLEADER—*complainant must be disinterested only financially.* The rule requiring the complainant in a bill of interpleader to be indifferent between the parties has reference to financial disinterestedness, and is not involved by his opinions, sentiments or averments of fraud against one of the defendants.

6. TAXATION—*possessor of certificate of sale prima facie owner.* Possession of a certificate of purchase at a tax sale, duly assigned in blank by the purchaser, is *prima facie* ownership of a fund deposited with the county clerk for its redemption.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded with directions. Opinion filed March 12, 1913.

SHEEN & GALBRAITH, for appellant.

ELLWOOD & MEEK and CHARLES A. KIMMEL, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The Circuit Court of Peoria county sustained a demurrer to a bill of interpleader filed by Oscar Heinrich, county clerk of Peoria county, against Christopher Harrigan and the county of Peoria. Heinrich amended by inserting an additional paragraph in his bill and the court again sustained a demurrer thereto and dismissed the bill for want of equity, and Heinrich appeals from that decree.

The bill alleged that Heinrich was and is county clerk; that Michael Harrigan bought various tracts of land at tax sales in said county and received certificates of purchase therefor, that the total due upon said certificates amounted to $1,283.48 and that in redemption said amounts were paid to said clerk on or about December 18, 1911; that for a long series of years Michael Harrigan had failed to pay, and the collectors had been unable to collect large sums assessed against Michael Harrigan for taxes, the total delinquency amounting to $5,226.13; that Michael Harrigan died in November, 1911, and on December 18, 1911, an administrator of his estate was appointed by the Probate Court and that the county of Peoria on that day filed a claim against his estate for $4,216.53 being said delinquent taxes, except the taxes for the year 1911, for which also he was justly indebted to the county; that on December 13, 1911, which was before said redemption money was paid to the county clerk, the board of supervisors passed a resolution,

directing the county clerk to hold the moneys paid upon such certificates of purchase for the county of Peoria for said taxes and that, on February 20, 1912, the State's Attorney of said county notified said county clerk to so hold the moneys collected upon said certificates of purchase; and on said February 20, 1912, Christopher Harrigan, a brother of Michael Harrigan, deceased, demanded said moneys from the county clerk as assignee of said certificates; that the county clerk did not comply with his demand, and that on March 1, 1912, Christopher Harrigan sued the county clerk in the Circuit Court of Peoria county to recover the amount paid for the redemption of said tax sale certificates. By the amendment the county clerk alleged that it came to his knowledge that Michael Harrigan had been in the business of buying at tax sales and assigning his certificates of purchase in blank for the purpose of defeating the collection of taxes levied and assessed against him and to hinder and defraud the county of Peoria and the other taxing bodies out of the taxes due them from him, and that, by reason of such fraudulent assignments and other fraudulent devices, the tax collectors could not collect said taxes, and that thereupon the board of supervisors, in order to collect said delinquent taxes, notified the county clerk that the alleged assignments of said certificates of purchase to Christopher Harrigan were null and void and made with intent to hinder and defraud the county of Peoria, creditor of Michael Harrigan, and other creditors, and that Christopher Harrigan had knowledge of such fraudulent intent and participated therein, in violation of section 4 of the statute concerning Frauds and Perjuries; and that the county clerk upon said knowledge and said notice, refused to pay Christopher Harrigan said moneys, and is afraid to do so, and is unable to determine his duty in the premises. The bill alleged that the complainant had always been willing to pay the money

received upon said certificates of purchase to the person lawfully entitled thereto and to whom he could pay the same safely, and he offered to bring said money into court. The bill alleged that the complainant did not collude with either of the parties, and it asked that Christopher Harrigan and the county of Peoria be required to litigate between themselves their rights to said fund.

The right to file a bill of interpleader depends upon the existence of the four following conditions: (1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded; (2) All their adverse titles or claims must be dependent on or be derived from a common source; (3) The person asking the relief must not have nor claim any interest in the subject-matter; (4) He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stake-holder. This rule has the sanction of our supreme court in Morrill v. Manhattan Life Ins. Co., 183 Ill. 260, and other cases. The bill shows that Christopher Harrigan and the county of Peoria are each claiming the redemption money now in the hands of the county clerk on the redemption from said sales to Michael Harrigan. Christopher Harrigan claims as the assignee of said certificates, and his possession of the certificates duly assigned in blank by Michael Harrigan makes him *prima facie* the owner of the fund. Larson v. Glos, 235 Ill. 584; Village of Morgan Park v. Knopf, 210 Ill. 453. The claim of the county is that the assignment of these certificates to Christopher Harrigan was fraudulent and was intended to deprive the county of Peoria of the taxes for which Michael Harrigan was delinquent, as shown by the books in the same county clerk's office, and that the delinquency far exceeds the amount of the redemption money, and that the county has a lien on said money and has a right to have it applied by the county clerk in payment of

said taxes. The claimants are seeking the same fund. One claims as the assignee of Michael Harrigan, and the other by its notice attacks the assignment for fraud and seeks to reach the fund as still in equity the property of Michael Harrigan. The complainant was not obliged to show that Christopher Harrigan's suit against himself would be successful or unsuccessful, nor whether the claim of the county could be maintained. It makes no difference that only one of the claimants has as yet sued him, nor that one claim might be enforceable at law and the other in equity. Newhall v. Kastens, 70 Ill. 156. Under the allegations of the bill, complainant has no interest in the subject-matter, and when he pays the money into court pursuant to an order permitting him to do so and requiring defendants to interplead concerning their right to said fund he will have no further interest in the litigation. The rule above stated requires him to be indifferent between the parties. If that rule means that he shall have no opinion as to which of the defendants ought to have the fund and shall not care as a matter of sentiment which finally receives it, then it might well be that this bill would fail to meet the requirements of the rule, for in the amendment to the bill complainant calls Christopher Harrigan a fraudulent grantee after averring that he has learned that the assignment was made and received to hinder the county as a creditor of Michael Harrigan. But we conclude that what the rule means is that he shall stand financially indifferent between the parties and acting as a mere stakeholder. If, for example the bill showed that if the money belonged to one of the parties, complainant would be entitled to a commission out of the fund, while he would not be entitled to anything therefrom if the other party was entitled thereto, then he would have a financial interest in the success of the former. Here the complainant does not assert any financial interest in the fund and he is merely the stakeholder.

The decree is therefore reversed and the cause remanded with directions to overrule the demurrer to the amended bill.

*Reversed and remanded with directions.*