THORNTON, LTD., *et al.*, Plaintiffs-Appellants, *v.* STANLEY T. KUSPER, JR., Cook County Clerk, Defendant-Appellee.

First District (4th Division)   No. 77-1426

Opinion filed September 27, 1979.

Warren Lupel and Stanford D. Marks, both of Chicago (Lupel and Amari, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Mark V. Chester, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought by Thornton, Ltd., an Illinois partnership, on behalf of a class, which is engaged in the purchase of lots and lands in Cook County, Illinois, and sold by the county collector because the general real estate taxes were not paid. Plaintiffs sought relief founded on the proposition that defendant withheld redemption funds from plaintiffs so that he could invest those funds for a limited time and thereafter receive the benefits for the county from such investment.

On July 23, 1976, defendant filed a motion to strike and dismiss plaintiffs' complaint. On July 11, 1977, the court dismissed the complaint for failure to state a cause of action. This appeal was taken from that order and we affirm.

The issues presented for review are (1) whether the investment-of-public-funds act has retroactive application; (2) whether this Act supports a claim for lawful investment of private funds; (3) whether the relationship of the county clerk to a tax certificate holder is one of agency and/or trust; and (4) whether the Interest Act bars plaintiffs' claim.

Plaintiffs, who are tax purchasers, filed a complaint in the circuit court of Cook County seeking an injunction to enjoin Stanley T. Kusper, Jr., in his official capacity as Cook County Clerk, from retaining certain monies received by him for the purpose of tax redemption for a period of longer than one working day subsequent to the actual receipt of monies. Plaintiffs also sought an accounting of the monies received for that purpose for the 10 years immediately preceding the filing of this lawsuit, and an accounting for any interest or other investment benefits, and that the court order defendant to pay plaintiffs any and all monies earned through the use or investment of redemption funds.

Plaintiffs' complaint further alleged that defendant retained said funds in excess of the time required to perform the necessary book-keeping functions.

Defendant filed a motion to strike and dismiss the complaint. Plaintiffs filed a response to the motion and, thereafter, both parties filed several memoranda in support of their positions. On July 11, 1977, the

trial court granted defendant's motion and dismissed the suit with prejudice for failure to state a cause of action. This appeal was taken from that order.

Both plaintiffs and defendant refer to the 1975 statutes as being applicable, but, in fact, they are in error, and the 1973 statutes are relevant to this action. Therefore, any references made to the 1975 statutes apply to the 1973 statutes.

First, plaintiffs contend that sections 1 and 2 of the investment-of-public-funds act (Ill. Rev. Stat. 1975, ch. 85, pars. 901, 902) (hereafter Act), do not have retroactive application. Section 1 of the Act reads in pertinent part as follows:

> "The words 'public funds', as used in this Act, mean current operating funds, special funds, interest and sinking funds, and funds of any kind or character belonging to or in the custody of any public agency.
>
> The words 'public agency', as used in this Act, mean the State of Illinois, the various counties, * * *."

Section 2 of the Act prior to the 1973 amendment read in pertinent part as follows:

> "Any public agency may invest any public funds in bonds, notes, certificates of indebtedness, treasury bills or other securities, now or hereafter issued, which are guaranteed by the full faith and credit of the United States of America as to principal and interest, or may invest in certificates of deposit or time deposits constituting direct obligations of any bank as defined by the Illinois Banking Act, * * *. * * * Provided, however, that only such public funds shall be so invested as, in the judgment of such governing authority, will not be required for expenditure within a period of 90 days from and after the date of the investment thereof and, provided further, that all such securities so purchased shall mature or be redeemable on a date or dates prior to the time when, in the judgment of such governing authority, the public funds so invested will be required for expenditure by such public agency or the governing authority thereof. * * *. Amended by P.A. 77-1609, §1, eff. Sept. 21, 1971." (Ill. Rev. Stat. 1971, ch. 85, par. 902.)

Section 2 of the Act was amended in 1973 with this additional statement:

> "To the extent a public agency has custody of funds not owned by it or another public agency and does not otherwise have authority to invest such funds, the public agency may invest such funds as if they were its own. Such funds must be released to the appropriate person at the earliest reasonable time, but in no case exceeding 31 days, after the private person becomes entitled to the receipt of them. All earnings accruing on any investments or

deposits made pursuant to the provisions of this Act shall be credited to the public agency by or for which such investments or deposits were made, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." Ill. Rev. Stat. 1973, ch. 85, par. 902.

Plaintiffs allege that the Revenue Act of Illinois establishes that a certificate holder acquires contractual rights at the time of his purchase. Therefore, plaintiffs contend that a right exists to have the redemption money paid in cash or have the right to specified penalty or interest rate because it is the "benefit of the bargain" acquired at the time of purchase by the certificate holder.

Plaintiffs cite *Smith v. D.R.G., Inc.* (1975), 30 Ill. App. 3d 162, 169, 331 N.E.2d 614, 619-20, *rev'd on other grounds* (1976), 63 Ill. 2d 31, 344 N.E.2d 468, which states:

> "The certificate, on the day it was acquired, vested DRG with a property right inchoate and subject to redemption. [Citation.] This right in the subject real estate was contractual and was protected by the constitutional guaranty against impairment of contract obligations from alteration in substance by subsequent legislation."

The court went on to say that the certificate holder's rights and obligations were determined by the law in effect on the date of their acquisition.

■■ We agree with the proposition that plaintiffs have a vested property right in the real estate and that such rights attach on the day the property is acquired, but we cannot agree with plaintiffs that they have a right to a specific penalty or interest rate because it is the "benefit of the bargain" acquired by the certificate holder at the time of purchase. It is well settled that the property tax system is statutory in Illinois. *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 423, 167 N.E.2d 236, 241.

Plaintiffs also contend defendant alleges that section 2 of the Act as amended has overruled a large body of case law because of its alleged retroactive effect. Plaintiffs cite *In re Application of County Treasurer* (1973), 14 Ill. App. 3d 1062, 304 N.E.2d 9, which defines a retroactive law as one which takes away or impairs vested rights acquired under existing laws, or creates new obligations in respect of past transactions. The case further stated that public policy is against retroactive legislation when a law affects vested rights. As a general rule, statutes are construed prospectively, and only when it appears that there was a legislative intent to do otherwise will the statutes be given retroactive effect. It must clearly appear from express language or by necessary or unavoidable implication. *In re Application of County Treasurer* (1973), 14 Ill. App. 3d 1062, 1066.

Defendant contends that in 1975 when section 2 was amended to give

a specific deadline for holding the funds it was merely a clarification of the powers of a public agency to invest public funds. The law did not become retroactive because it did not take away or impair vested rights acquired under existing laws or create new obligations upon individuals as defined in *In re Application of County Treasurer.*

■■■ This court holds that the amendment to the statute did not become retroactive and therefore apply to pre-1973 cases, but was merely a clarification of the previous statute, but we cannot agree with plaintiffs that prior to the amendment it was commonly understood that redemption funds belonged to certificate holders at the moment of redemption. A reasonable amount of time has always been allowed the clerk to do the required bookkeeping, especially in as large a county as Cook.

Plaintiffs next contend that section 2 of the Act does not support defendant's claim of lawful investment of private funds.

Plaintiffs cite *People ex rel. Hamer v. Board of Education* (1974), 22 Ill. App. 3d 130, 316 N.E.2d 820, to support their claim. The *Hamer* court stated that section 2 was not a precondition to the power to invest, but to direct the board in the way it is to exercise its authority. This statement from plaintiffs' authority clearly supports the defendant's position that section 2 does create investment powers in the redemption monies.

■ Also, plaintiffs argue that the time limit of 31 days was created by the legislature as an "outer-limit unreasonableness in order to safeguard rightful owners of funds in public custody from overzealous custodians." We do not believe that this was the intent of the legislature. The legislature's purpose in creating such a time limit was to allow the clerk to dispense with the necessary bookkeeping tasks. The statute states: "Such funds must be released to the appropriate person at the earliest reasonable time, but in no case exceeding 31 days, * * *." (Ill. Rev. Stat. 1973, ch. 85, par. 902.) We do not find this amount of time excessive and, therefore, we hold that a 31-day period is reasonable to return the funds to the appropriate person.

Plaintiffs' third contention is that the county clerk is an agent and/or trustee of the tax certificate holder and, therefore, any income generated by the redemption process belongs to the tax certificate holder.

■ Plaintiffs do not cite any Illinois authorities which would lend support to this premise. Plaintiffs, instead, argue that tax redemptions are considered valid in Illinois even if the redemptor in good faith relies on advice given by the proper official to pay an insufficient amount (*Converse v. Rankin* (1886), 115 Ill. 398, 401-02, 4 N.E. 504, 506; *Gage v. Scales* (1881), 100 Ill. 218, 224), and we agree, but this is not enough to impose an agency or trustee relationship upon defendant. That holding was based on the rationale that the clerk had a *duty* to inform the

redemptors of the amount due, along with the condition that the redemptors had done all that was required of them by the proper official. ■■ Plaintiffs cite *Heinrich v. Harrigan* (1913), 179 Ill. App. 199, to maintain that redemption funds belong to the certificate holder. In the same case on further appeal, our supreme court held that a tax certificate holder merely holds a chose in action. *Heinrich v. Harrigan* (1919), 288 Ill. 170, 179, 123 N.E. 309, 313.

As stated by defendant, the revenue statute authorizes the clerk to collect redemption funds (Ill. Rev. Stat. 1975, ch. 120, par. 734 *et seq.*), and the investment statute provides that the clerk may invest funds in his custody and retain all earnings made from such investments, to be credited to the public agency. Ill. Rev. Stat. 1975, ch. 85, pars. 901, 902.

These statutes do not refer to an agency relationship existing between these parties, and the statutes specifically state that any earnings accruing on investments are to be credited to the agency, not to the tax certificate holder.

■■ In reference to the interest question, it is a well-settled proposition in Illinois that interest is not recoverable in the absence of a contract or statutory provision. (*Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 423, 167 N.E.2d 236, 240-41; *Locasio v. Rosewell* (1977), 50 Ill. App. 3d 704, 706, 365 N.E.2d 949, 951.) It is clear in this instance that there were no contract or statutory provisions for interest to anyone other than the public agency; therefore, we cannot agree with plaintiffs that an agency relationship exists and they are entitled to receive the earnings from the investments and interest.

■■ Additionally, we note that when the person's only duty is to always be ready to pay over money when another is entitled to receive it, ordinarily he is not chargeable with interest. (*Mathewson v. Davis* (1901), 191 Ill. 391, 398, 61 N.E. 68, 71; *Locasio*, 50 Ill. App. 3d 704, 708.) Since the county clerk is under a duty to release the funds to the appropriate person at the earliest possible time, he is not liable for interest.

It is not necessary for us to reach the issue of whether the Interest Act (Ill. Rev. Stat. 1975, ch. 74, par. 2) would allow plaintiffs to recover the earnings on the redemption monies in view of the conclusion reached by us as to the disposition of this case.

In light of our conclusion that plaintiffs are not entitled to the relief asked for, it is unnecessary to consider the propriety of the same action brought by plaintiffs on behalf of members of the class.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiffs' complaint is affirmed.

Affirmed.

JIGANTI, P. J., and ROMITI, J., concur.