(No. 66105.—

MARY S. MADLENER, Appellee, v. MORGAN M. FINLEY, Clerk of the Circuit Court, Appellant.

*Opinion filed March 29, 1989.—Rehearing denied May 26, 1989.*

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Susan Condon and Pamela L. Gray, Assistant State's Attorneys, of counsel), for appellant.

Samuel H. Young, of Samuel H. Young Professional Corp., of Skokie, for appellee.

JUSTICE CLARK delivered the opinion of the court:

This case raises the issue of whether a clerk of court who holds a litigant's funds pursuant to a court order pending resolution of the litigation has a duty to deposit those funds in an interest-bearing account.

The facts in this case are not in dispute. In 1981, appellee, Mary S. Madlener, was named a defendant in an interpleader action filed by an insurance company. The court in the case ordered the insurance company to deposit the amount of its admitted liability with appellant, Morgan M. Finley, the clerk of the circuit court of Cook County (the Clerk). Because the court did not specify that the funds should be deposited into an interest-bearing account, the Clerk placed them into a non–interest-bearing demand checking account.

Thereafter, a settlement agreement was reached whereby appellee was to receive a certain share of the insurance proceeds deposited with the Clerk and the in-

terpleader action was to be dismissed. The court, in its order dismissing the case on June 10, 1982, instructed the Clerk to pay appellee her share of the proceeds. The order had originally stated that appellee was entitled to the proceeds "plus any interest accrued thereon," but the interest provision was stricken by the court. The Clerk then distributed to appellee her share of the proceeds, without interest. No appeal was taken from the court's order dismissing the action.

On July 8, 1982, appellee sent a letter to the Clerk demanding payment of the interest due on the funds which had been deposited by the insurance company. When the Clerk did not respond to the letter, appellee instituted a class action lawsuit against the Clerk in the circuit court of Cook County, contending that the Clerk's failure to place funds in interest-bearing accounts constituted a breach of a fiduciary duty owed by the Clerk as a public official. On April 18, 1986, the circuit court dismissed the complaint with prejudice for failure to state a cause of action and denied appellee's motions for summary judgment and class certification.

The appellate court reversed the dismissal of appellee's complaint, finding that as a public official, the Clerk owes a fiduciary duty to the people he represents. (161 Ill. App. 3d 796, 798.) The court stated that, as a fiduciary, the Clerk has a duty to place litigants' funds in interest-bearing accounts. (161 Ill. App. 3d at 800.) However, the court also recognized that the Clerk frequently needs to withdraw deposited funds on short notice and that interest-bearing accounts may not exist that would allow such withdrawals upon demand. As a result, the court remanded the case to the circuit court to determine "whether there are financial institutions which will accommodate the [C]lerk's needs with a demand account that also pays interest." (161 Ill. App. 3d at 800.) The court also held, however, that even if the circuit court

were to find that such institutions exist, appellee would not be entitled to retrospective relief. (161 Ill. App. 3d at 803.) Finally, the court concluded that it could not, at that stage in the proceedings, address the question of class certification. 161 Ill. App. 3d at 804.

One justice dissented from the court's opinion for three reasons. First, the dissent thought that appellee's action constituted an impermissible collateral attack upon the judge's order in the interpleader action because appellee could have requested in the original action that the court order the Clerk to place the funds in an interest-bearing account. (161 Ill. App. 3d at 804-05 (McMorrow, J., dissenting).) Second, the dissent could find no legal basis to support the majority's conclusion that the Clerk has a fiduciary duty to deposit litigants' funds in interest-bearing accounts. (161 Ill. App. 3d at 806 (McMorrow, J., dissenting).) Finally, the dissent argued that the "determination of comprehensive supervision over the [C]lerk's placement of all custodial funds in general" should be made by legislative enactment or supreme court rule rather than by an individual trial court judge. 161 Ill. App. 3d at 807 (McMorrow, J., dissenting).

We granted the Clerk's petition for leave to appeal (107 Ill. 2d R. 315). The Clerk seeks reversal of the appellate court's finding that the Clerk has a legal duty to place litigants' funds in interest-bearing accounts without court orders to that effect. The Clerk also argues that appellee's lawsuit constitutes an improper collateral attack upon the order of the judge in the interpleader action, and that the question of how litigants' funds should be deposited should be determined by legislation or judicial rulemaking rather than by the circuit court judge on remand. Appellee, on the other hand, urges us to affirm the appellate court's finding with respect to the Clerk's fiduciary duty, but to reverse the court's de-

termination that appellee is not entitled to retrospective relief. Appellee also claims that we should certify this case as a class action and hold that appellee is entitled to summary judgment.

We first address the issue of whether a clerk of court has a fiduciary duty to deposit litigants' funds held by the clerk pursuant to court order pending resolution of the litigation into interest-bearing accounts. We note initially that no case has been called to our attention that establishes such a duty on the part of any government official, absent a statute so providing. While the appellate court below cited *People v. Savaiano* (1976), 66 Ill. 2d 7, and *City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, in support of its conclusion that such a duty exists (161 Ill. App. 3d at 798), neither case stands for the proposition that government officials have a duty to invest funds in interest-bearing accounts. Rather, both cases concern a statutorily created fiduciary duty of public officials to avoid self-dealing and conflicts of interest in transactions between the government and the private sector. *Savaiano*, 66 Ill. 2d at 15; *Keane*, 64 Ill. 2d at 565; see Ill. Rev. Stat. 1987, ch. 24, par. 3—14—4; Ill. Rev. Stat. 1987, ch. 102, par. 3.

In *Savaiano*, the defendant was a county board member who participated on the county's behalf in negotiations that led to the eventual purchase of property which the defendant himself owned. (*Savaiano*, 66 Ill. 2d at 14.) *Keane* involved a city alderman who allegedly took advantage of his office to purchase at scavenger tax sales property which the city was planning to purchase and develop. The alderman then used his government position to influence the city to purchase the properties that he himself had already purchased at tax sales. (*Keane*, 64 Ill. 2d at 561-62.) This court concluded that the government officials' conduct in both cases was pro-

hibited by Illinois statute. *Savaiano*, 66 Ill. 2d at 15; *Keane*, 64 Ill. 2d at 565.

In the present case, there clearly is no issue of conflict of interest or self-dealing raised. Instead, the alleged breach of fiduciary duty is the Clerk's failure to deposit appellee's funds in interest-bearing accounts. Unlike the conflict of interest and self-dealing situations involved in *Savaiano* and *Keane*, no constitutional or statutory provision governs a clerk of court's duty to hold litigants' funds. Rather, that duty arises solely by order of the circuit court. (*People v. McGrath* (1917), 279 Ill. 550, 556.) Since no statute governs a clerk of court's duty in holding litigants' funds, we must determine whether clerks of court should be bound by a previously unrecognized common law duty to deposit litigants' funds in interest-bearing accounts.

This court has rarely addressed the issue of the extent of a clerk of court's duty when holding funds pursuant to court order. In *People v. McGrath*, 279 Ill. at 555, this court stated that:

> "The clerk of the court is the keeper of its records and seal, who issues process and makes, preserves and certifies the records of its proceedings. He is not a collecting officer, and there is nothing in the nature of his office which requires him to be the receiver and custodian of money paid into court without an order of the court. So money deposited with the clerk as a tender in a pending suit, without an order of court, does not become a fund of the court, though it would have become such fund if the court had ordered the clerk to receive or hold it." (279 Ill. at 555.)

The circuit court in *McGrath* ordered a litigant to deposit funds with a clerk of court to hold until further order of the court. The clerk placed the funds in a savings account in a bank that subsequently went bankrupt. The issue in the case was whether the clerk was liable for the

funds even though they were lost through no fault of the clerk. This court concluded that the clerk acts as an insurer, rather than a bailee, and therefore the clerk was strictly liable for the funds deposited with him. 279 Ill. at 557-58.

A much earlier case, *Baltimore & Ohio R.R. Co. v. Gaulter* (1896), 165 Ill. 233, also dealt with a clerk of court's duty to hold funds pursuant to court order. In that case, this court held that where a judge in an interpleader action orders that the clerk deposit a litigant's funds in an interest-bearing account, the clerk is liable for both the amount initially deposited and the interest that should have accrued had the clerk complied with the court's order. *Gaulter*, 165 Ill. at 241.

*McGrath* and *Gaulter* illustrate the principle that a clerk of court's duty to hold litigants' funds is created and controlled by the circuit court. Neither case, though, addresses the specific question presented here: Do clerks of court have a duty to deposit litigants' funds in interest-bearing accounts where the circuit court has not so ordered? In fact, no Illinois case that we are aware of has addressed this issue. However, this court, and the Illinois appellate court, have addressed analogous issues dealing with tax refunds, tax certificate redemptions, and bail bonds.

In *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 423, this court determined that taxpayers are not entitled to interest on their Illinois tax refunds. This court cited a number of cases from other jurisdictions that had held that interest cannot be allowed on tax refunds unless a statute specifically provided for interest. (*Lakefront Realty*, 19 Ill. 2d at 422-23.) The reasoning of the courts in those cases, this court explained, was that:

"interest, being a creature of statute, is recoverable only by statute or contract, and *** that a tax collector, being a mere trustee of public funds collected for specific pur-

poses, has no money to pay interest in the absence of statutory authority to establish a fund for that purpose." (*Lakefront Realty*, 19 Ill. 2d at 423.)

This court adopted the reasoning of those courts and concluded "that the silence of our refund statute on the question of interest discloses a legislative intention to deny it." (*Lakefront Realty*, 19 Ill. 2d at 423.) Two Illinois appellate court decisions followed this court's decision in *Lakefront Realty* to hold that in the absence of statutory provisions for interest: (1) a tax certificate holder is not entitled to interest upon redemption of his certificate (*Thornton, Ltd. v. Kusper* (1979), 77 Ill. App. 3d 192, 197); and (2) a litigant is not entitled to interest on money he deposited toward securing a bail bond (*Gonzalez v. Danaher* (1975), 30 Ill. App. 3d 992, 994).

These cases, in holding that certain persons are not entitled to interest on funds which have been held by government officials unless a statute so provides, also stand, we find, for the correlative principle that government officials do not have a common law fiduciary duty to invest such funds in interest-bearing accounts. We see no reason why this principle should not apply to clerks of court holding litigants' funds pursuant to court order. Rather, we find that the principle is particularly applicable in this case since a clerk of court's role as depositary in interpleader actions is to hold the deposited funds until it can be resolved which parties are entitled to them. It is not until this determination is made that the clerk, pursuant to court order, disburses the funds. (See *People v. Chicago Waste & Textile Co.* (1945), 391 Ill. 29, 35-36.) In a situation such as this, "[w]here the only duty of a person is to be always ready to pay over money whenever another is entitled to receive it, he is not ordinarily chargeable with interest." (*Mathewson v. Davis* (1901), 191 Ill. 391, 398; see also *Thornton, Ltd. v. Kusper* (1979), 77 Ill. App. 3d 192, 197.) We therefore conclude

that a clerk of court does not have a fiduciary duty to deposit litigants' funds in interest-bearing accounts. Accordingly, the circuit court was correct in dismissing appellee's complaint for failure to state a cause of action. Because we conclude that appellee's complaint was properly dismissed, we need not address other issues raised in this appeal.

The judgment of the appellate court reversing the circuit court's dismissal of appellee's complaint is therefore reversed, and the circuit court's order dismissing appellee's complaint is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

WARD and CALVO, JJ., took no part in the consideration or decision of this case.